UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN PIERRE,<br><br>                            Plaintiff,<br><br>v.<br><br>SALON DE LARUE, INC., and FOREST SLOPE LLC,<br><br>                           Defendants. | **ANSWER**<br>**AFFIRMATIVE DEFENSES**<br><br>1:24-cv-03960-PKC-PK |

Defendants SALON DE LARUE, INC. and FOREST SLOPE LLC, by way of Answer to the Complaint, states as follows:

## AS TO " JURISDICTION AND VENUE"

1. Paragraph 1 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 4 of the Complaint.

## AS TO "PARTIES"

5. Defendants lack knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 5 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint and leave Plaintiff to his proofs.

6. Defendants lack knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 6 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint and leave Plaintiff to his proofs.

7. Defendants admit they conduct business in New York State. Defendants deny the remaining allegations in Paragraph 7 of the Complaint and leave Plaintiff to his proofs.

8. Defendants deny the allegations asserted in Paragraph 8 of the Complaint and leave Plaintiff to his proofs.

9. Defendants admit they conduct business in New York State. Defendants deny the remaining allegations in Paragraph 9 of the Complaint and leave Plaintiff to his proofs.

10. Defendants deny the allegations asserted in Paragraph 10 of the Complaint and leave Plaintiff to his proofs.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 11 of the Complaint.

12. Defendants deny the allegations asserted in Paragraph 12 of the Complaint and leave Plaintiff to his proofs.

## AS TO "FACTS COMMON TO ALL CAUSES OF ACTION"

13. Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 14 of the Complaint.

15. Defendants lack knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 15 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 15 of the Complaint and leave Plaintiff to his proofs.

16. Defendants deny the allegations asserted in Paragraph 16 of the Complaint and leave Plaintiff to his proofs.

17. Defendants deny the allegations asserted in Paragraph 17 of the Complaint and leave Plaintiff to his proofs.

18. Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 18 of the Complaint.

19. Defendants deny the allegations asserted in Paragraph 19 of the Complaint and leave Plaintiff to his proofs.

20. Defendants deny the allegations asserted in Paragraph 20 of the Complaint and leave Plaintiff to his proofs.

21. Defendants deny the allegations asserted in Paragraph 21 of the Complaint and leave Plaintiff to his proofs.

22. Paragraph 22 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 22 of the Complaint.

## AS TO "COUNT I"
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

23. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 25 of the Complaint.

26. Defendants deny the allegations asserted in Paragraph 26 of the Complaint and leave Plaintiff to his proofs.

27. Paragraph 27 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 27 of the Complaint.

28. Defendants deny the allegations asserted in Paragraph 28 of the Complaint and leave Plaintiff to his proofs.

29. Defendants deny the allegations asserted in Paragraph 29 of the Complaint and leave Plaintiff to his proofs.

30. Paragraph 30 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 36 of the Complaint.

37. Defendants deny the allegations asserted in Paragraph 37 of the Complaint and leave Plaintiff to his proofs.

38. Defendants deny the allegations asserted in Paragraph 38 of the Complaint and leave Plaintiff to his proofs.

39. Paragraph 39 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 40 of the Complaint.

**AS TO "COUNT II"**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

41. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

42. Paragraph 42 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 51 of the Complaint.

## AS TO "COUNT III"
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

52. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

53. Paragraph 53 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 62 of the Complaint.

<b>AS TO "COUNT IV"<br>(INJUNCTIVE RELIEF)</b>

63. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

64. Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 70 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations asserting prayer for relief, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. At no time material hereto did Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because they are moot.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because the claimed violations are *de minimis*, and non-actionable as they do not materially impair Plaintiff's use of the Premises for an intended purpose.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

### NINTH AFFIRMATIVE DEFENSE

9. The imposition of punitive damages in this matter would violate Defendants' rights to due process of law in violation of the Fifth and Fourteenth Amendments of the United States

Constitution.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff lacks standing to pursue this matter because, upon information and belief, Plaintiff has never been to the Defendants' establishment or does not plan to return to the establishment, thus Plaintiff is merely a "tester" that suffers no injury that can be redressed by a favorable decision.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, nor do they trigger an "alteration" legal standard, for reasons including, but not limited to, the disproportionate cost of the modifications sought.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, because any alterations made by Defendants are sufficient in that they satisfy the "maximum extent feasible" standard within the meaning of 42 U.S.C. § 12183(a)(1).

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or part, because the modifications they seek would cause an undue burden or hardship upon Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants have made a good faith effort to comply with the ADA, New York State Executive Law, Administrative Code of the City of New York, and New York State Civil Rights

Law and all relevant applicable codes, laws, and statues.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including the New York Executive Law § 297(5) and the New York City Administrative Code, Chapter 5 § 8-502.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part because, upon information and belief, Plaintiff has filed numerous ADA lawsuits as a "tester" and should be declared a "vexatious litigant" who must seek leave of court before filing additional lawsuits.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff is not entitled to damages or attorneys' fees because Plaintiff acted in bad faith by failing to give Defendants notice of the alleged violations prior to filing lawsuit, when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, because with respect to any particular architectural element of the property that departs from accessibility guideline, the landlord and tenant have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater usability and access to the facility.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants have complied in good faith with the ADA, and all applicable laws, rules, ordinances, and statutes, and have not engaged in willful violations of the same.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, because the barrier removal(s) Plaintiff

12

seeks pursuant to the ADA in the Premises are not "readily achievable" or easily accomplishable within the meaning of 42 U.S.C. § 12181(9).

## ADDITIONAL DEFENSES

22.     Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendant.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorneys' fees, and expenses, and grant such other relief as this Court deems proper.

Date: July 25, 2024

Law Offices of Michael Chong, LLC

S/ *Michael K. Chong*
Michael K. Chong, Esq.
*Attorney for Defendants*

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

                                                32 East 57th Street, 8th Fl.,
New York, NY 10022
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com